**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wilson P.,

     File No. 26-CV-3448 (JMB/SGE)

    Petitioner,

v.

Todd Blanche, *Acting Attorney General*;   **ORDER**
Markwayne Mullin, *Secretary, U.S.*
*Department of Homeland Security*; David J.
Venturella*, Acting Director of Immigration*
*and Customs Enforcement*; and David
Easterwood, *Acting Director, St. Paul Field*
*Office, Immigration and Customs*
*Enforcement*,

    Respondents.

Jason L. Schellack, Autism Advocacy & Law Center, LLC, Minneapolis, MN, for Petitioner Wilson P.

David W. Fuller, United States Attorney's Office, Minneapolis, MN; and David R. Hackworthy, Department of Homeland Security, Minneapolis, MN for Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood.

This matter is before the Court on Petitioner Wilson P.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood as

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents.  (Doc. No. 1).   For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1.      Wilson P. is a 21-year-old native and citizen of Ecuador.  (Pet. ¶ 11; Doc. No. 9-1.)

2.      On June 4, 2021, when Wilson P. was a minor teenager, he entered the United States at the border with his father.  (Pet. ¶¶ 11, 12; Doc. No. 9-2.)

3.      Within minutes of entering the United States, Wilson P. and his father encountered immigration officials, who briefly detained them.  (Pet. ¶ 12.)

4.      During his brief June 2021 detention, immigration officials issued a Form I-862 Notice to Appear (NTA)[2] and a Form I-200 Warrant of Arrest, which indicates service at 8:00 p.m. on June 4, 2021 (the 2021 Form I-200).  (Doc. No. 9 ¶ 5; Doc. No. 9-1 at 3; Doc. No. 9-2.)

5.      The 2021 Form I-200 is directed to "[a]ny officer delegated authority pursuant to [8 U.S.C. § 1357]" and specifies that Wilson P. "is liable to being taken into custody as authorized by [8 U.S.C. § 1226]."  (Doc. No. 9-2.)   The 2021 Form I-200 does not authorize detention under 8 U.S.C. § 1225.

6.      After a brief period of detention, Respondents made a decision to release Wilson P. and permit his entry into the United States, 8 C.F.R. § 236.3(j) (authorizing parole of minors from DHS custody or release pursuant to 8 U.S.C. 1226(a)).[3]  (Pet. ¶ 12.)

---

[2] Respondents did not include this document in the evidentiary record.  (*See* Doc. No. 9.)

[3] Respondents did not provide any documents concerning DHS's decision to release Wilson P., the timing of his release, or the terms of his release (if any).  (*See* Doc. Nos. 8, 9.)  In

7.    Since his release in 2021, Wilson P. has attended all hearings in his immigration proceedings and has resided in Minnesota, where he is gainfully employed and supports his U.S. citizen child.  (*Id.* ¶ 13–14.)

8.    There is no final removal order for Wilson P.  (Pet. ¶ 13; Doc. No. 9.)

9.    Wilson P. has no known criminal history in Minnesota aside from minor traffic-related infractions.  (*Id.* ¶ 19.)

10.    On July 17, 2025, Respondents issued and served Wilson P. with an NTA via mail, requiring his appearance before an immigration judge on December 15, 2025.[4]

---

fact, Respondents' declarant and counsel fail to acknowledge or mention that DHS released Wilson P. at any time.  (Doc. Nos. 8, 9.)  However, as a factual matter, the Court can reach only one conclusion: that sometime after being issued the 2021 Form I-200 on June 4, 2021, Respondents released Wilson P.  This determination is based on the following evidence in the record: (1) unrebutted factual statements in the Petition (*e.g.*, Pet. ¶¶ 11, 12); and (2) the uncontested fact that Wilson P. was not in custody and was instead working in Bemidji when Respondents detained him in July 2026.

Counsel's decision to completely ignore the fact of Wilson P.'s release on June 4, 2021, and counsel's failure to provide the Court with a copy of any and all orders of release is surprising, and not something the Court has seen counsel do in any other case except in response to Wilson P.'s father's habeas petition, Case No. 26-CV-3445, which was filed on the same day as Respondents' response to Wilson P.'s Petition.  The Court is concerned that this decision may have been part of a deliberate strategy designed to prevent the Court from granting the Petition on the basis that Respondents failed to follow applicable law by detaining Wilson P. without first lawfully revoking an existing order of release.  Of course, Respondents' counsel—David Fuller and David Hackworthy—are officers of the Court who have an ethical duty of candor to this Court.  At this time, the Court declines to address whether counsel's material omissions of Wilson P.'s relevant immigration history supports any adverse inferences against Respondents or constitutes a violation of professional ethics, giving counsel the benefit of the doubt on this case and assuming that these omissions were inadvertent.

[4] Respondents' declaration characterizes this document as a "superseding NTA."  (Doc. No. 9 ¶ 6.)  However, the Court cannot conclude as a matter of fact that the July 2025 NTA

3

(Doc. No. 9-1 at 3; Doc. No. 9-3.)

11.    On July 16, 2026, while staying in a hotel near a jobsite in Bemidji, Minnesota, DHS agents approached Wilson P. and his father in the hotel parking lot and detained them.  (Pet. ¶¶ 15, 16, 18; Doc. No. 9 ¶¶ 10, 11.)

12.    Wilson P. was cooperative and did not try to flee.  (Pet. ¶ 15; Doc. No. 9 ¶¶ 10, 11; Doc. No. 9-1 at 2–3.)

13.    ICE agents did not ask Wilson P. any questions about his immigration history or status, and they did not show him a warrant.[5]  (Pet. ¶¶ 15, 16.)

14.    Since July 16, 2026, Wilson P. has been detained at the Sherburne County Jail.  (*Id.* ¶ 20.)

15.    At some unknown time on July 16, 2026, after detaining him, immigration officials issued and served Wilson P. with a Form I-200 Warrant of Arrest (the 2026 Form I-200).  (Doc. No. 9 ¶ 12; Doc. No. 9-4.)

16.    The 2026 Form I-200 is directed to "[a]ny immigration officer authorized pursuant to [8 U.S.C. § 1226 and 8 U.S.C. § 1357] and [8 C.F.R. Part 287], to serve warrants of arrest for immigration violations[.]"  (Doc. No. 9-4.)  The 2026 Form I-200 Warrant does not authorize detention under 8 U.S.C. § 1225.

17.    Respondents detained Wilson P. pursuant to their discretionary authority

---

supersedes any other NTA because no other NTA is in the record and because the July 2025 NTA does not itself state that it supersedes any prior NTA.  (*See* Doc. No. 9-3.)

[5] Respondents do not rebut the contention that Respondents did not show Wilson P. a warrant.  (Doc. No. 8 at 19.)

under 8 U.S.C. § 1226, not pursuant to 8 U.S.C. § 1225.

18.     On July 29, 2026, Wilson P. filed his Petition for a Writ of Habeas Corpus (Petition).  (*See* Pet.)

19.     On July 30, 2026, the Court ordered Respondents to respond to the Petition by or before 11:00 a.m. on August 3, 2026.  (Doc. No. 4.)

20.     On August 3, 2026, Respondents filed a timely response to the Petition. (Doc. No. 8.)

## DISCUSSION

In his Petition,[6] Wilson P. seeks immediate release, arguing that his detention violates the Due Process Clause of the Fifth Amendment, and the warrant requirement of the Immigration and Nationality Act, its accompanying regulations (8 C.F.R. §§ 236.1, 241.3, 287.38), and the Fourth Amendment.  (Pet. ¶¶ 28–30, 34–36, 43–47, 48–56, 57–60.) For their part, Respondents argue that Wilson P.'s detention is mandatory under 8 U.S.C. § 1225(b), as interpreted by the Eighth Circuit, and that Wilson P.'s detention was lawful pursuant to the 2021 Form I-200, or, alternatively, was a lawful detention under 8 U.S.C. § 1357(a).  For the reasons set forth below, the Court grants the Petition.

---

[6] In their response, Respondents urge the Court to disregard the factual allegations in the Petition due to a "lack of verification" of the facts alleged in it. (Doc. No. 7 at 1 n.1.)  In doing so, Respondents appear to misapprehend the verification requirement in 28 U.S.C. § 2242, requiring that an "[a]pplication for a writ of habeas corpus shall be . . . verified by the person for whose relief it is intended *or by someone acting on his behalf.*"  28 U.S.C. § 2242 (emphasis added).  Here, Petitioner's attorney is no doubt acting on Wilson P.'s behalf and appended a "Verification Pursuant to 28 U.S.C. § 2242," verifing the factual statements in the Petition.  (Doc. No. 1 at 27.)  The verification requirement in 28 U.S.C. § 2242 has been met, and the Court rejects Respondent's argument to the contrary.

## A.     Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is detained in violation of the Constitution or laws of the United States.   28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

## B.     Inapplicability of 8 U.S.C. § 1225

Respondents devote the vast majority of their response to arguing that Wilson P.'s detention is supported by 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section 1225(b)(2) requires the mandatory detention non-citizens, without any individualized determination and regardless of whether the non-citizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry). *But see Rodriguez Vazquez v. Bostock*, __F.4th__, __, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting Respondents' "newfound interpretation" as inconsistent with "the assertedly

6

unambiguous language of the statute" and because "it raises various textual and interpretive problem," citing similar holdings from the Second, Sixth, Tenth, and Eleventh Circuits).

In this case, however, section 1225 is inapplicable because, as a factual matter, Respondents did not detain Wilson P. pursuant to 8 U.S.C. § 1225. There are two warrants in the record which theoretically could authorize Wilson P.'s detention: the 2021 Form I-200 and the 2026 Form I-200. Neither form, however, contemplates detention pursuant to 8 U.S.C. § 1225; to the contrary, both, on their face, authorize detention pursuant to section 1226. (Doc. No. 9-2 (specifying that Wilson P. "is liable to being taken into custody as authorized by [8 U.S.C. § 1226]")); (Doc. No. 9-4 (directing "[a]ny immigration officer authorized pursuant to [8 U.S.C. § 1226 and 8 U.S.C. § 1357] and [8 C.F.R. Part 287], to serve warrants of arrest for immigration violations").) Respondents advance no legal argument to support the proposition that they can alter this fact through filing of their written submissions. Thus, given the plain language of the two Form I-200s in the record here, the Court finds that, in fact, Respondents detained Wilson P. pursuant to the framework of 8 U.S.C. § 1226.[7] *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where Form I-200 represented that detention was pursuant to section 1226); *Espinoza-Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026) (same); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026)

---

[7] As noted above, it also appears that after issuing the 2021 Form I-200, Respondents also released Wilson P. pursuant to section 1226, further supporting the Court's conclusion here.

(same); *see also Emily N.V. v. Blanche*, No. 26-CV-2570 (KMM/EMB), 2026 WL 2209844, at *4 (D. Minn. July 31, 2026) (rejecting Respondents' position because it "depends on an incorrect premise").

### C.     Violation of 8 C.F.R. § 236.1

Separately and independently, the Court also concludes that Wilson P.'s detention violates federal regulations because Respondents never revoked Wilson P.'s order of release, which occurred subsequent to the issuance of the 2021 Form I-200.

As noted above, Respondents conspicuously omit from their argument and their response any mention of Respondents' decision to release Wilson P., which undoubtedly occurred. The Court concludes that, because Respondents decided to order the release of Wilson P. after issuing the 2021 Form I-200, the procedural protections of 8 C.F.R. § 236.1 apply. As Respondents and their counsel are aware, those regulations set forth a "series of procedural protections" governing re-detentions of persons previously released, as follows:

> To properly redetain [a person] under section 236, an immigration officer first would have had to exercise his or her discretion to revoke [the person's] release on bond. After [the person] was redetained, his bond would have had to have been revoked and cancelled. [The person] then could have applied to an immigration judge for a bond hearing and release. If the immigration judge denied his request, [the person] could have appealed that decision to the BIA.

*Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (concluding respondents violated applicable federal regulations and the Due Process Clause when they re-detained petitioner without complying with 8 C.F.R. § 236); *see also, e.g., Salazar v. Noem*, No. 26-CV-1040 (JMG), 2026 WL 381889

8

(D. Minn. Feb. 11, 2026) (collecting cases) (same); *Hakan v. Noem, et al.*, No. 25-CV-4722 (JMB/DTS), Doc. No. 14, at *9–11 (D. Minn. Dec. 24, 2025) (same).

Here, however, because they elected to ignore the fact that Wilson P. had been ordered released in 2021, Respondents made absolutely no argument that they complied with the requirements of 8 C.F.R. § 236.1. Indeed, Respondents present no facts regarding any decision to revoke Wilson P.'s release and make no argument that revocation was lawful. Further, there is no indication in the record presented that any official afforded Wilson P. any process whatsoever concerning revocation of release prior to his detention in July 2026. Thus, Wilson P.'s detention in July 2026 is in violation of DHS's own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954) (providing that executive branch agencies must comply with their own regulations).[8]

### D. Invalidity of the 2021 Form I-200

The Court also separately concludes that Wilson P.'s detention was unlawful because the 2021 Form I-200 was invalid and the exception set forth in 8 U.S.C. § 1357(a) does not apply in this case.

As a threshold matter, the Court emphasizes that Respondents attempt to justify the July 2026 detention based only on the 2021 Form I-200; Respondents make no argument

---

[8] The Court is also persuaded by the analysis and the conclusion in *Barco Mercado* that Respondents violated the Due Process Clause when they re-detained the petitioner without complying with regulations governing re-detention after release. 2025 WL 3295903, at *4 & n.22. This persuasive analysis compels the same result here: Respondents' detention of Wilson P. violates the Due Process clause because Respondents have failed to comply with applicable regulations necessary to revoke the decision to release Wilson P.

that the July 2026 detention was justified by the July 2026 Form I-200.[9]   Turning to the

2021 Form I-200, the Court concludes that it cannot provide a valid basis for Wilson P.'s

detention for three reasons.   First, Respondents direct the Court to no legal authority to

support their proposition that a five-year-old Form I-200 has some evergreen, non-expiring

quality that permits the re-detention of a non-citizen into the indefinite future, and the Court

is aware of none.   Moreover, it is not merely the passage of time that invalidates the 2021

Form I-200.   It is undisputed that after issuing the 2021 Form I-200, Respondents released

Wilson P.   Respondents provide no legal authority to support the proposition that an I-200

form remains valid after its execution and after a subsequent release decision.[10]   Second,

Form I-200s are valid only if issued at the same time or after DHS issues an NTA.   8 C.F.R.

§ 236.1(b).   Contrary to that requirement, Respondents assert that the operable NTA was

---

[9] Absent some well-developed argument that the 2026 Form I-200 constitutes a valid basis for Wilson P.'s detention, the Court cannot conclude that Respondents have shown cause why the Petition should be denied on this basis.  Moreover, the record presented indicates that the 2026 Form I-200 issued after Respondents detained Wilson P. and transported him to their detention facility, and therefore, the 2026 Form I-200 cannot have lawfully authorized Wilson P.'s detention.

[10] The Court has rejected similar propositions in *Manuel P. v. Blanche*, No. 26-CV-3445 (JMB/EMB), Doc. No. 8 (D. Minn. Aug. 7, 2026) (declining to adopt Respondents' contention "that a Form I-205 Warrant remains a valid instrument for arresting a non-citizen at any and all points into the indefinite future, with no expiration"); *Ahmed S. v. Blanche*, No. 26-CV-2265 (KMM/DLM), 2026 WL 1998718, at *5 (D. Minn. July 10, 2026) (rejecting Respondents' contention that a years-old I-205 form, which had already been executed in a non-citizens initial detention in 2014, can be resuscitated to authorize another detention, especially where Respondents themselves do not contend that the subsequent detention was made pursuant to the I-205 form); *Ger V. v. Mullin*, No. 26-CV-2543 (KMM/DTS), 2026 WL 1847044, at *4 n.5 (D. Minn. June 26, 2026) (expressing "concerns with relying on a 25-year-old, possibly-already-executed, and possibly-never-served warrant of removal to establish the legality of this arrest are self-evident").

10

issued in 2025, several years after the 2021 Form I-200. (Doc. No. 8 at 2 ("On July 17, 2025, ICE/ERO issued and served a superseding NTA on Petitioner.").) This assertion necessarily renders the 2021 Form I-200 Warrant invalid. Third, nothing in the evidentiary record supports the theory that any officer detaining Wilson P. in July 2026 actually believed that their authority to detain came from the June 2021 Form I-200. In the Petition, Wilson P. asserts that he was not shown a warrant before or during his detention, and Respondents do not contend, or otherwise provide evidence, that any warrant was ever shown to Wilson P. at any time or that detaining officers even knew about the existence of the 2021 Form I-200. (Doc. Nos. 8, 9.) For these reasons, the 2021 Form I-200 cannot justify Wilson P.'s July 2026 detention, and the Court is compelled to grant his release.

To the extent that Respondents alternatively seek to justify Wilson P.'s detention under the provisions of 8 U.S.C. § 1357(a), the Court cannot agree because the record presented cannot support the necessary finding of probable cause. (Doc. No. 8 at 19–22.) Section 1357 permits an immigration officer to detain non-citizens in the United States "if he has reason to believe that [1] the [non-citizen] . . . is in the United States in violation of any such law or regulation and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit has interpreted the term "reason to believe" in section 1357(a)(2) to "mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). Here, Respondents attempt no argument regarding the second prong. Further, the record presented is rife with facts that undercut any conclusion that Wilson P. was actually "likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). For

11

example, the record shows that DHS knew where Wilson P. lived in Minneapolis (after all, they had mailed an NTA to him at that address, *see* Doc. No. 9-3); that DHS agents had conducted surveillance on Wilson P.'s group the day before detaining them (during which time agents positively identified Wilson P.'s father, whose immigration history is intertwined with Wilson P.'s and would have made Wilson P. identifiable to agents); Wilson P. was cooperative with agents once confronted by them; and agents did not mention any fear of Wilson P.'s likelihood of escape in the documents made by detaining officers. (Doc. No 9-1.) Wilson P. was not detained pursuant to the exception in section 1357(a). Therefore, even on the curated facts in Respondents' papers, Respondents fall short of showing "why the writ should not be granted."[11] (*See* Doc. No. 4.)

In sum, Respondents have identified no lawful basis to detain Wilson P., and he is entitled to release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release.").[12]

---

[11] To the extent that portions of Respondents' written submissions can be construed as advancing an argument that Respondents need not respond or come forward with evidence because the burden of proving the unlawfulness of detention rests with Petitioner, the Court disagrees. Such an argument misapprehends the parties' relative responsibilities in a proceeding under 28 U.S.C. § 2241. The statute provides that the Court may grant the writ without a response from Respondents "or" (as the Court did here) may "issue an order directing the respondent[s] to show cause why the writ should not be granted." 28 U.S.C. § 2243. Such orders to show cause impose a responsibility on Respondents to come forth with evidence to justify the lawfulness of their actions.

[12] Although the Court need not address the question of whether Wilson P.'s detention violates the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Wilson P.'s favor. Wilson P. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1.    Respondents are ORDERED to release Petitioner Wilson P. <u>immediately</u>, subject to the same terms and conditions previously ordered, and in any event no later than <u>4:00 p.m. CT on August 11, 2026</u>.

2.    On or before <u>11:00 a.m. CT on August 12, 2026, 2026</u>, counsel for Respondents shall file a letter affirming that they have released Petitioner Wilson P.

3.    On or before <u>11:00 a.m. CT on August 12, 2026</u>, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4.    Petitioner Wilson P. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

---

erroneous deprivation through incarceration is needlessly high when available and inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community.  Thus, Wilson P.'s ongoing detention is also unlawful for this reason as well. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

13

5.      To the extent Petitioner Wilson P. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August 10, 2026                                    /s/ *Jeffrey M. Bryan*
                                                           Judge Jeffrey M. Bryan
                                                           United States District Court